UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**09-22939**

MARCI GUTMAN, as legal Guardian of
ILANA GUTMAN,

    Plaintiff,

v.

QUEST DIAGNOSTICS CLINICAL
LABORATORIES, INC., a Delaware
Corporation, QUEST DIAGNOSTIC
SERVICES, INC., a Florida Profit Corporation,
and QUEST DIAGNOSTICS
INCORPORATED, a Delaware Corporation,

    Defendants.

_____/

**CIV-UNGARO**

MAGISTRATE JUDGE
SIMONTON

FILED by ADS D.C.

SEP 3 0 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## COMPLAINT

MARCI GUTMAN, as legal Guardian of ILANA GUTMAN (hereinafter "Ilana"), files this Complaint and sues Defendants, QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., a Delaware Corporation, QUEST DIAGNOSTIC SERVICES, INC., a Florida Profit Corporation, and QUEST DIAGNOSTICS INCORPORATED, a Delaware Corporation (collectively, "Defendants"), and in support thereof alleges as follows:

### PARTIES

1)     Defendant QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC. ("QDCL") is a Delaware for-profit corporation with its principle place of business at 4225 East Fowler Avenue, Tampa, FL 33617. QDCL operates and/or maintains diagnostic clinical laboratories throughout the United States.

1

2) Defendant QUEST DIAGNOSTIC SERVICES, INC. ("QDS"), is a Florida For-Profit Corporation with its principle place of business at 1703 N.E. 8th Ave, Ocala, FL 34470. QDS operates and/or maintains diagnostic clinical laboratories throughout the State of Florida.

3) Defendant QUEST DIAGNOSTICS INCORPORATED ("QDI") is a Delaware for-profit corporation with its principle place of business at 3 Giralda Farms, Madison, NJ 07940. QDCL operates and/or maintains diagnostic clinical laboratories throughout the United States.

4) Defendants QDCL and QDI are subject to the personal jurisdiction of this Court because: (a) they engage in substantial and not isolated activities in the State of Florida and benefit substantially from these activities; (b) they are authorized to, and in fact engage in, substantial business in Florida; (c) they committed violations of Florida law; and (d) they committed violations of Federal Law, including violations of the Americans with Disabilities Act, in Florida.

5) The laboratories owned and/or operated by Defendants provide services to and are open to the public. In other words, they are places of public accommodation.

6) Ilana is a qualified individual with a disability under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq* (hereinafter referred to as the "ADA"). Ilana suffers from various disabilities, which severely impair her ability to navigate freely in society without assistance. Among other things, Ilana suffers from Cerebral Palsy, limited vision, and speech impairments. Ilana is also uncoordinated in her arms and is wheelchair bound. These debilitating conditions impair many of Ilana's major life functions, including but not limited to, her ability to walk and perform countless other necessary functions. As a

result, Ilana has required the use of a service animal to help her perform everyday tasks others take for granted. As a further result of her numerous physical disabilities, Ilana's mother, Plaintiff Marci Gutman ("Marci"), was appointed legal guardian for Ilana, and therefore brings this suit on Ilana's behalf.

7) As set forth in detail below, Ilana has attempted to avail herself of the services provided at the Facility, and intends to avail herself of the services provided at the Facility in the immediate future. Ilana has been denied access to, and full and equal enjoyment of services, facilities, privileges, advantages and/or accommodations located at the Facility.

8) On or about July 11, 2009, Ilana visited the Defendants' Facility located at 9200 S. Dadeland Boulevard, Miami, Florida. The purpose of Ilana's visit was to provide a routine blood sample for a medically-necessary blood test. Ilana specifically made an appointment at this particular location because it was listed as being handicap-accessible.

9) Upon arriving with her mother at the Defendants' Dadeland location, Ilana discovered that accessible features at the facility in question were temporarily unavailable due to construction.

10) Consequently, Ilana and her mother decided to have the test performed at another one of Defendants' facilities, located at 11410 N. Kendall Drive, in Miami, Florida. Besides her mother, Ilana was also accompanied to this location by her service animal, Fred. Fred is a Golden Retriever and is a certified service animal.

11) Upon arriving at Defendants' Kendall Drive facility, Marci complained to the receptionist about the undisclosed accessibility problems Ilana had faced at Defendants' other facility and asked that, because Ilana was fasting as required before her blood test, that the facility promptly perform Ilana's blood test.

12) Marci was dismissively told that it wasn't Defendants' fault the other center had an accessibility problem and that, although they would take Ilana for a blood test, she would have to wait 45 minutes.

13) After waiting for over an hour, one of Defendants' employees opened the interior door and proceeded to call in the next patient. Upon opening the door, the employee saw Fred sitting next to Ilana in his heal position, and the employee yelled from across the room that Ilana, Marci, and their service dog Fred, had to leave. According to Defendants' employee, no dogs were allowed in their facility. This demand was made in front of the other patrons of Defendants located in the waiting room.

14) Upon being publicly told to leave Defendants facility, Marci and Ilana tried to explain that Fred was not a regular pet, but rather a full access service animal with the legal right to be with Ilana in places of public accommodation. Despite hearing Ilana and Marci's pleas and explanations, Defendants' employee continued to insist that Marci, Ilana, and her service animal would have to leave. Defendants' employee insisted in expelling them publicly, from across the waiting room, greatly increasing Ilana's feelings of humiliation and embarrassment.

15) Marci expressly told Defendants' employee that Defendants were acting in violation of disability laws and that Ilana and her service animal were not leaving. Marci explained that if the employee had a problem following the requirements of the ADA, she could call the police. Upon hearing this, the employee turned her back and slammed the door as she entered the restricted area of Defendants' facility.

16) Seeking to protect Ilana from the embarrassment and trauma of being expelled from a facility due to her disability, Marci requested to speak with a supervisor. However, Marci

was told there was no supervisor on duty.

17) A few minuets later, Marci and Ilana were called to the receptionist window and were again told that they would have to leave. They were also told that if Marci still wished to have Ilana's blood drawn, Defendants' employees would meet Ilana and Marci at their car, in the parking lot, where they would take Ilana's blood.

18) During this discussion between Defendants' employee, Marci, and Ilana, Defendants' employee stated that Defendants were a medical facility and, as such, were not required to follow the ADA and Florida's Service Animal Statute. According to Defendants' employee, she was only required to follow Defendants' policies, which policy barred all animals from their facility, including service animals.

19) When Marci heard this, she explained to Defendants' employee that Fred had gone with Ilana into operating rooms which had sterile environments greater than Defendants' lab. Marci also explained to Defendants' employee that ADA requirements trumped Quest policies.

20) Ilana was effectively expelled from the Facility, and forced to return to Marci's car. In the car, in the middle of the parking lot, employees from the Facility drew blood from Ilana. During this procedure, and due to the cramped and unsterile environment upon which the employees were drawing Ilana's blood sample, Ilana suffered significant bruising on her arm.

21) The Facility provides inadequate access to people with disabilities who require the use of a service animal by discriminating against Ilana, and others who are similarly situated, by denying access to full and equal enjoyment of services, facilities, privileges, advantages and/or accommodations located at the Facility in derogation of the ADA and Fla. Stat. §

413.08(3).

22) This case arises out of Defendants' policy to deny access to services at its public accommodation to persons with disabilities, and failure to modify those policies to allow for use of service animals which have effectively precluded Ilana from enjoying the services provided at the Facility in a manner equal to that provided to able-bodied patrons.

23) This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1343 (a)(3) and 1343 (a)(4) for claims arising under the ADA. Further, pursuant to 28 U.S.C. § 1367(a), the Court has Supplemental Jurisdiction for the State Law claims brought herein.

24) Pursuant to 28 U.S.C. § 1391(b), venue is proper in the District in which this Complaint is filed, as the events giving rise to the instant lawsuit occurred within the Southern District of Florida.

25) At the Facility, Defendants have failed to make efforts required under the ADA and Fla. Stat. § 413.08(3) to modify its policies to remove such barriers to access that are readily achievable.

26) Defendants have also, by maintaining its policies, failed to comply with ADA and Fla. Stat. § 413.08(3) access requirements for individuals who require the use of service animals.

27) The actions which Defendants have failed to take to make the Facility accessible to persons with disabilities are technically feasible, readily achievable, required by law, and would greatly assist disabled persons who use service animals, at little expense to Defendants.

28) The denial of an equal opportunity to enjoy the services the Facility provides to

individuals who require the use of service animals is illegal, degrading and humiliating.

29) Ilana has an immediate intent to return to the Facility, and requests injunctive relief be entered in order to make the Facility fully accessible for future visits.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### (Against All Defendants)

30) Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-29 as if fully set forth herein.

31) Defendants' acts and omissions alleged herein are in violation of the ADA, and the regulations promulgated there under, 28 Code of Federal Regulations Part 36.

32) The Facility is a place of public accommodation covered by Title III of the ADA.

33) Defendants have failed to modify policies and procedures at the Facility, where required to ensure equal access for disabled persons who use service animals.

34) Defendants' conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, Defendant will continue to violate said law. Said conduct, unless enjoined, will continue to inflict injuries for which Ilana has no adequate remedy at law.

35) Pursuant to 42 U.S.C. § 12188, this court is provided authority to grant Plaintiff injunctive relief, including an order to modify a policy to make the Facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Facility until the requisite modifications are completed.

**WHEREFORE**, Plaintiff respectfully requests this Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to modify their policies as appropriate to comply with the ADA, awarding attorney's fees, costs, and expenses incurred in prosecuting this action, and granting such further relief as this Court

deems just and equitable.

## COUNT II - VIOLATION OF FLORIDA STATUTE § 413.08
(Against All Defendants)

36) Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-29 as if fully set forth herein.

37) Defendants' acts and omissions alleged herein are in violation of Fla. Stat. § 413.08(3).

38) The Facility is a place of public accommodation covered by Fla. Stat. § 413.08(1)(c).

39) Defendants have failed to allow Ilana, an individual with a disability, the right to be accompanied by a service animal in an area where the Facility's customers are normally permitted to occupy.

40) Ilana's service animal did not pose a direct threat to the health or safety of others.

**WHEREFORE**, Plaintiff respectfully requests this Court award monetary damages, as well as issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to modify their policies as appropriate to comply with the ADA and Florida Statute § 413.08, awarding attorney's fees, costs, and expenses incurred in prosecuting this action, and granting such further relief as this Court deems just and equitable.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against All Defendants)

41) Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-29 as if fully set forth herein.

42) After Ilana presented to the facility with her service animal, Defendants, by and through their employees, agents, and/or servants, intentionally forced Ilana to leave their Facility because she was accompanied by her service animal.

43) Defendants' intentional actions in publicly denying Ilana an accommodation and in

8

forcing her to leave their facility with her service animal were outrageous.

44) Defendants' actions caused Ilana to suffer, and Ilana did in fact suffer, severe emotional distress, embarrassment, humiliation and suffering.

**WHEREFORE**, Plaintiff respectfully requests this Court award compensatory damages, general damages, special damages, as well as awarding costs, and expenses incurred in prosecuting this action, and granting such further relief as this Court deems just and equitable.

### COUNT IV - NEGLIGENCE
### (Against All Defendants)

45) Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-29 as if fully set forth herein.

46) By agreeing to and actually taking blood from Ilana, for profit, Defendants had a duty to act in a reasonably prudent way in extracting Ilana's blood.

47) Defendants, by and through their employees, agents, and/or servants, breached the duty owed to Ilana by, *inter alia*:

   a. Refusing to extract Ilana's blood inside the safe and sanitary environment of their laboratory facility;

   b. Forcing Ilana, a disabled person, to have her blood extracted in her car, which exposed Ilana to unsanitary conditions and caused her injury;

   c. By extracting Ilana's blood in the constricted backseat of her car without the aid of the equipment available inside its facility, Defendants actively increased Ilana's injuries and bruising than such injuries she would have received had Defendants performed a routine blood test inside their Facility

48) Defendants actions and/or omissions actually caused Ilana to suffer increased injury,

humiliation, and degradation.

49) Defendants knew or should have known that their actions and/or omissions would cause Ilana to suffer increased injury, humiliation, and degradation.

50) Defendants actions physically injured Ilana, caused her emotional distress, embarrassment, humiliation and suffering.

**WHEREFORE**, Plaintiff respectfully requests this Court award compensatory damages, general damages, special damages, as well as awarding costs, and expenses incurred in prosecuting, and granting such further relief as this Court deems just and equitable.

Dated this 25th day of September, 2009.

          Respectfully submitted,

          ROSEN SWITKES & ENTIN P.L.
          407 Lincoln Road, Penthouse SE
          Miami Beach, FL  33139
          (p)(305) 534-4757
          (f)(305) 538-5504
          *Counsel for Plaintiff*

By: _____
    JOSHUA M. ENTIN, ESQ.
    FBN.: 0493724

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

09-22939

## I. (a) PLAINTIFFS
Marci Gutman, as legal Guardian to Ilana Gutman

**DEFENDANTS**
Quest Diagnostics Clinical Laboratories, a Delaware Corp., Quest Diagnostics Services, Inc. a Florida Corp., and Quest Diagnostics In

(b) County of Residence of First Listed Plaintiff: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Hillsborough
(IN U.S. PLAINTIFF CASES ONLY)

CIV-UNGARO
MAGISTRATE JUDGE
SIMONTON

(c) Attorney's (Firm Name, Address, and Telephone Number)
Joshua M. Entin, Esquire
Rosen Switkes & Entin, P.L. - 305-534-4757
407 Lincoln Road, PH SE- Miami Beach, FL. 33139
09-cv-22939 - Ungaro/Simonton

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

FILED by AS D.C.
SEP 30 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA — MIAMI

(d) Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) (Place an "X" in One Box for Plaintiff and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ✓ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)
✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ✓ NO    b) Related Cases ☐ YES ✓ NO
JUDGE                            DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ✓ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 9/25/09

FOR OFFICE USE ONLY
AMOUNT 350.00   RECEIPT # 1009163   IFP
9/30/09